OPINION
Defendant Clarence P. Freeman appeals the judgment of the Court of Common Pleas of Muskingum County, Ohio, which convicted and sentenced him for domestic violence in violation of R.C.2919.25, after a jury found him guilty. The jury acquitted appellant on the companion charge of abduction in violation of R.C. 2905.02. The jury found appellant had previously been convicted of domestic violence, and Appellant was sentenced for a fifth degree felony. Appellant assigns two errors to the trial court:
 I. THE TRIAL COURT ERRED IN NOT GRANTING THE MOTION FOR ACQUITTAL AS TO THE PREVIOUS CONVICTION OF DOMESTIC VIOLENCE.
 II. THE FINDING BY THE COURT THAT THE APPELLANT HAS THE PRIOR DOMESTIC VIOLENCE CONVICTION IN VIOLATION OF REVISED CODE 2919.25(A) IS AGAINST THE MANIFEST WEIGHT THE EVIDENCE.
 I and II
Appellant addresses both assignments together because they both relate to a single issue. We will do likewise.
Appellant was indicted for one count of domestic violence for knowingly causing or attempting to cause physical harm to Satonya L. Cobb, a member of his household. The indictment further alleged he was previously convicted of domestic violence in Zanesville Municipal Court on May 26, 1998.
R.C. 2919.25 (D) provides that a first offense is a misdemeanor of the first degree, but if the offender has previously been convicted of domestic violence or a violation of R.C. 2903.11, 2903.12, 2903.13, 2903.211, or 2911.211 of the Revised Code, the second violation is a felony of the fifth degree. Appellant argues the record before the court does not show what type of domestic violence the appellant was convicted of on May 26, 1998.
Appellant also asserts his prior conviction was pursuant to Zanesville Municipal Code Section 537.14, and the court did not find the ordinance was identical to one of the revised code sections. Finally, appellant argues the State failed to prove his prior conviction beyond a reasonable doubt.
At trial, the State presented testimony of Satonya Cobb, who testified appellant had assaulted her in March of 1998. In response to the state's question whether appellant was prosecuted and convicted, she responded "Yeah, I think." She testified he was convicted in the court "down the street".
The state also presented testimony from Zanesville Municipal Court clerk Kristine Dodson, who testified appellant was convicted on May 26, 1998, of the charge of domestic violence. She did not testify regarding the Revised Code section. The State presented an exhibit which cites Zanesville Municipal Ordinance 537.14, domestic violence.
The State argues R.C. 2919.25 only requires a prior conviction for domestic violence in order to elevate a subsequent offense to a fifth degree felony. It does not require the prior conviction be made pursuant to the Ohio Revised Code, nor does it differentiate between different subsections of the Code. Instead, any prior misdemeanor conviction for domestic violence elevates the subsequent offense to a fifth degree felony. We agree.
Appellant also argues his conviction was against the manifest weight the evidence because the state did not enter into the record a certified copy of his conviction. However, the State presented evidence from the alleged victim, the clerk of courts, and an exhibit to prove the prior conviction. Appellant did not object to any of the state's evidence at trial.
Appellant moved the Court for an acquittal pursuant to Crim.R. 29, as to the previous conviction for domestic violence. A trial court should overrule a motion for judgment of acquittal if the evidence presented at trial is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explained the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The court noted the distinctions are both qualitative and quantitative in nature. Sufficiency of the evidence refers to the legal standard which the trial court applies in determining whether the evidence is legally sufficient to support a verdict as a manner of law, Tompkins at 386, citations deleted. Even if the judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because weight of the evidence concerns the amount of evidence offered at trial in support of one side of the issue, Thompkins at 387, citations deleted. Sufficiency of the evidence is the standard which the court applies in ruling on the motion for acquittal, while weight of the evidence is directed to the jury's consideration.
We find the State presented sufficient competent and credible evidence to establish appellant's prior conviction for a misdemeanor domestic violence. Accordingly, we find his conviction is not against the manifest weight the evidence, nor did the Court err in overruling the motion for acquittal.
Both of Appellant's assignments of error are overruled.
Foregoing reasons, the judgment on the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By: Gwin, J., Hoffman, J. and Farmer, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0201
JUDGMENT ENTRY
CASE NO. CT98-0044
For the reasons stated in the Memorandum Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentenced. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES